539 So.2d 779 (1989)
Lester J. HASHA and Josette M. Hasha, Plaintiffs-Appellants,
v.
CALCASIEU PARISH POLICE JURY, Dairyland Insurance Company, Kathleen Bertrand, Defendants-Appellees.
No. 87-1157.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Writ Denied April 14, 1989.
*780 Steven Broussard, Lake Charles, for plaintiffs-appellants.
Woodley, Williams, Fenet, Palmer, Doyle & Norman, Rick Norman, James Doyle, Terry J. Manuel, Asst. Dist. Atty., McGlinchey, Stafford & Mintz, Michael T. Pulaski, New Orleans, Plauche, Smith & Nieset, P.C., Michael J. McNulty III, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
This appeal arises out of an automobile accident in which plaintiffs' son was killed. The defendant, Casualty Reciprocal Exchange Insurance Company (hereinafter Casualty), has already paid to plaintiffs the full $25,000 liability policy limit on the vehicle involved in the accident. Plaintiffs filed suit against Casualty seeking additional recovery under the uninsured motorists provision of the same policy. Casualty denied coverage and filed a motion for summary judgment which was sustained by the trial court, dismissing plaintiffs' suit with prejudice. From this judgment, plaintiffs appeal.
On May 10, 1985, James Royce Hasha was a guest passenger in a 1981 Fiat automobile owned by his father, Lester J. Hasha, which automobile was being driven at the time of the accident by Sylvia Duke. The alleged cause of the accident was the negligence of Sylvia Duke.
At the time of the accident, Casualty had in force a policy of automobile liability insurance covering the Fiat automobile and two other automobiles, all of which were owned by Lester J. Hasha. The policy provided bodily injury liability limits of $25,000 per person and uninsured motorists limits of $25,000 per person. Also at the time of the accident, Sylvia Duke's parents, with whom she was residing, had a policy of automobile liability insurance affording per person liability insurance limits of $10,000.
Casualty paid to plaintiffs the full $25,000 liability limit of its policy. Dairyland Insurance Company has deposited the full $10,000 liability limit of its policy into the Registry of the Court.
Plaintiffs filed suit against Casualty claiming the $25,000 under the uninsured motorists coverage of its policy. Defendant filed a motion for summary judgment which the trial court sustained, dismissing plaintiffs' suit with prejudice. From this judgment plaintiffs perfected this appeal.
Casualty asserts that there is no uninsured motorists coverage available to plaintiffs under its policy provisions. The Casualty policy, under Part C, Uninsured Motorists Coverage, provides:
"We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
1. Sustained by a covered person; and
2. Caused by an accident.
The owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the uninsured motor vehicle.
* * * * * *
`Covered person' as used in this Part means:
1. You or any family member.
2. Any other person occupying your covered auto.
3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage *781 applies sustained by a person described in 1. or 2. above.
* * * * * *
However, `uninsured motor vehicle' does not include any vehicle or equipment:
1. Owned by or furnished or available for the regular use of you or any family member."
The vehicle Sylvia Duke was driving was a vehicle owned by Lester J. Hasha, the named insured. It was also a vehicle furnished or available for the regular use of the named insured or any family member (Josette M. Hasha and/or James Royce Hasha). Accordingly, the vehicle involved in the accident is excluded as an "uninsured motor vehicle" under the terms of the policy.
Under the plain reading of this policy, Casualty provided no uninsured motorists coverage as to the plaintiffs, and unless such policy provisions are contrary to law or public policy, they are the agreements between the parties.
The facts in this case are virtually identical to those in Shipp v. State Farm Mutual Automobile Insurance Co., 415 So.2d 582 (La.App. 3rd Cir.1982), wherein the plaintiff was a guest passenger in an automobile owned by her parents, which automobile was being driven at the time of the accident by Hemingway. The alleged cause of the accident was the negligence of Hemingway. Plaintiff's parents had an insurance policy covering the accident vehicle providing both liability coverage and uninsured motorists coverage in the amount of $10,000. Hemingway's parents, with whom she was residing, had a policy of automobile liability insurance affording per person liability insurance limits of $25,000. This court stated:
"In our opinion, the issue posed for decision in this case was initially decided by the Supreme Court in Breaux v. Government Employees Insurance Co., 369 So. 2d 1335 (La.1979), Nall v. State Farm Mutual Insurance Company, 406 So.2d 216 (La.1981), and Coco v. Allstate Insurance Company, 391 So.2d 50 (La. App. 3 Cir.1980). The rationale of these cases is dispositive of the issue involved herein. A guest passenger is not entitled to recover under both the liability and UM coverages in a situation such as the one at bar. In all three of those cases above mentioned, the guest passenger was allegedly injured or killed due to the negligence of the host driver. In all three of those cases, it was held that recovery could not be had under both liability and uninsured motorist coverages of the policy insuring the automobile involved in the accident, which was due to the host driver's negligence. This case presents an identical situation in theory."
Likewise, the present case presents an identical situation in theory, and the trial court judgment dismissing plaintiffs' suit with prejudice was proper.
For the above and foregoing reasons the judgment of the trial court is affirmed, with the costs of the appeal to be paid by the plaintiffs-appellants.
AFFIRMED.