714 So.2d 783 (1998)
Clementine and Demetria TAYLOR
v.
Alex SIDER, et al.
No. 97-CA-1841.
Court of Appeal of Louisiana, Fourth Circuit.
April 29, 1998.
Rehearing Denied May 29, 1998.
*784 Bradford R. Roberts, II, Roberts, Katz & Baudier, New Orleans, for Plaintiff/Appellant.
Wayne R. Maldonado, Ungarino & Eckert, Metairie, for Defendant/Appellee.
Before BARRY, ARMSTRONG and CIACCIO, JJ.
CIACCIO, Judge.
This is a case involving the application of the uninsured motorist antistacking statute. There are two issues. The first is whether plaintiff can recover under the uninsured motorist ("UM") provisions of more than one policy. The second issue presented is whether plaintiff may choose between the UM coverage of the policy on the car in which she was riding and the UM coverage of another policy under which she alleges she is insured, or whether she is restricted to UM coverage of the car in which she was riding. The trial court granted defendant's motion for summary judgment, holding that plaintiff can recover under one policy only, and she is restricted to UM coverage on the car in which she was riding. Plaintiff now appeals from this ruling. We affirm.
Clementine Taylor was a passenger in a car owned and being driven by her adult daughter Demetria Taylor. The two women were involved in an accident with an uninsured motorist and Clementine Taylor was injured. State Farm Mutual Automobile Insurance Company ("State Farm") insured Demetria Taylor's car and that policy had *785 $10,000.00 in UM coverage. State Farm also insured a car owned by Clementine Taylor's husband, James Taylor, and that policy had $100,000.00 in UM coverage. It is unclear from the record whether Clementine Taylor was an insured under this policy.[1] However, it is undisputed that Demetria Taylor resided with Clementine and James Taylor at the time of the accident herein.
Following this accident, State Farm unconditionally tendered the $10,000 UM limit of the policy on Demetria Taylor's car. However, Clementine Taylor's injuries allegedly exceeded the amount tendered, and she sued State Farm for UM coverage under the policy on James Taylor's car. State Farm moved for summary judgment, which was granted by the trial court, and Clementine Taylor has appealed from this ruling.
Uninsured motorist coverage is governed by LSA-R.S. 22:1406(D), which provides in pertinent part:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
* * * * * *
(1)(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles coverage under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
LSA-R.S. 22:1406(D)(1)(c) (emphasis added.)
Appellant contends that the anti-stacking rules contained in this statute are not applicable to the facts of this case because Mrs. Taylor was a passenger in a non-owned automobile and she is therefore allowed to utilize the UM coverage provided in the separate policy issued to her husband. Appellant contends that the provisions of part (c)(i) of the statute must be given limited application because of the public policy principles in favor of providing the fullest possible recovery for an innocent person injured by an uninsured tort feasor.
Under the clear provisions of LSA-R.S. 22:1406(D)(1)(c)(i), while Clementine Taylor may have UM coverage available under two State Farm policies, one on Demetria Taylor's car and one on James Taylor's car, she may not "stack" them so as to receive UM coverage under both policies. William Shelby McKenzie and H. Alston Johnson, III, Louisiana Civil Law Treatise Vol. 15: Insurance Law and Practice, § 121 at 297 (2nd ed.1996). An exception to this general rule is contained in part c(ii) of the statute, wherein an injured passenger may seek UM coverage for injuries sustained while occupying an automobile not owned by the injured party, resident spouse, or resident relative. In adding this exception, the legislature intended to *786 afford an insured, when riding with others, the protection of his own UM coverage, in addition to whatever coverage was available on the vehicle in which he was riding. McKenzie, Uninsured Motorist Coverage Stacking, 42 La. L.Rev. 343, 344 (1982). However, in 1988, the Legislature amended the anti-stacking statute to provide that this exception is not limited only to vehicles not owned by the insured, but also to vehicles not owned by a resident spouse or any resident relative. The amendment places all family members residing with the owner in the same position as the owner who is limited to one coverage. McKenzie and Johnson, III, at § 122, page 299.
Clementine Taylor argues that Demetria Taylor should not be considered a "resident relative" because she was an adult rather than a minor child, and therefore the element of collusive control is present. However, the restriction contained in part (c)(ii) does not include the word "minor," and by its clear language, includes any relative who is residing with the insured, regardless of age. The plain import of the statute cannot be ignored. Consequently, the exception to the anti-stacking statute is not applicable to the facts of the present case, and Clementine Taylor can recover under the UM coverage of only one policy.
The second issue is whether Clementine Taylor may choose which one of the two State Farm policies under which she will recover. In Wyatt v. Robin, 518 So.2d 494 (La.1988), the Louisiana Supreme Court held that a person who is insured under more than one policy and who is injured while occupying an owned vehicle may select, from among those policies, the one under which he would prefer to recover.
However, in 1988, the Louisiana Legislature passed Act No. 203 adding LSA-R.S. 22:1406(D)(1)(e), which provides in pertinent part:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which the claim was made ...
Through this amendment, the Legislature intended to preclude owners from carrying UM coverage only on selected family vehicles, while still gaining benefit of such protections regardless of which vehicle happens to be involved in an accident. Instead, in such circumstances, the lawmakers restricted UM coverage to that policy covering the occupied automobile. Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App. 2nd Cir.1991); Bamburg v. State Farm Mut. Auto. Ins., 647 So.2d 447, 448 (La.App. 2nd Cir.1994). Thus, the owner occupying his own vehicle at the time of the accident is entitled to coverage only under the policy, if any, covering that vehicle. Further, Louisiana courts have not distinguished between the owner and other family members. McKenzie and Johnson, III, at § 123, pages 302-303. Therefore, even though the vehicle involved in the accident was not owned by Clementine Taylor, it was owned by her resident daughter, Demetria Taylor, and Subsection (e) prohibits recovery under James Taylor's policy as the vehicle was not described in that policy.
For the foregoing reasons, we find the trial court was correct in granting summary judgment in favor of State Farm. As a matter of law, Clementine Taylor is not entitled to recover under the UM provisions of the policy issued to her husband, James Taylor. The judgment of the trial court is therefore affirmed. Plaintiff is to bear all costs of this appeal.
AFFIRMED.
ARMSTRONG, J., concurs in part and dissents in part.
ARMSTRONG, Judge, concurring in part and dissenting in part.
While I agree with the majority as to the first issue, I respectfully dissent as to the second issue. The second issue is whether Clementine Taylor may choose which one of the two State Farm policies under which she will recover. In Wyatt v. Robin, 518 So.2d 494 (La.1988), the Supreme Court held that, when the injured party had two policies with *787 UM coverage available to him, one on the vehicle he owned and was operating at the time he was injured, and the other (with a higher UM limit) on vehicles owned by his parents, he was free to choose the UM coverage under his parent's policy. In response to the Wyatt decision, the following provision was added to the anti-stacking statute:
(e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
La.R.S. 22:1406(D)(1)(e) (emphasis added). "Thus, the owner occupying his own vehicle at the time of the accident is entitled to coverage only under the policy, if any, covering that vehicle." William Shelby McKenzie and H. Alston Johnson, III, Louisiana Civil Law Treatise Vol. 15: Insurance Law and Practice, § 123 at 302 (2nd ed.1996). Clementine Taylor was injured while riding in a vehicle owned by Demetria Taylor. Thus, La.R.S. 22:1406(D)(1)(e) is not applicable. Consequently, Wyatt is applicable, and Clementine Taylor may choose the UM coverage of the policy on James Taylor's vehicle (assuming she is an insured under that policy, which could be determined upon a remand).
Despite the fact that La.R.S. 22:1406(D)(1)(e) plainly applies only when the insured is occupying his own vehicle at the time he is injured, State Farm argues that this statutory provision also applies when the insured is injured while occupying a vehicle owned, not by the insured, but instead, by a member of the insured's family. There is some caselaw to the effect that La.R.S. 22:1406(D)(1)(e) applies when the insured is injured while occupying a vehicle owned by a family member. See Bamburg v. State Farm Mutual Auto. Ins. Co., 26,324 (La.App. 2d Cir. 12/7/94), 647 So.2d 447; Sandoz v. State Farm Mut. Auto. Ins. Co., 620 So.2d 441 (La.App. 3rd Cir.1993); Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App. 2d Cir.1991). However, "families" do not usually own vehicles. Instead, some particular person owns the vehicle. The vehicle might be used for family purposes, and might be driven or ridden in by several family members, but it is "owned" only by the owner and not by the other family members. La.R.S. 22:1406(D)(1)(e) plainly applies only when the insured is injured while occupying a vehicle which is owned by that injured insured and that statute does not apply when the insured is injured while occupying a vehicle owned by anyone else (whether family member or not).[1]
NOTES
[1] The subject of whether Clementine Taylor is an insured under the policy issued to James Taylor was considered in a previous appeal to this Court, Taylor v. Sider, et al., 95-1561 (La.App. 4 Cir. 12/14/95); 665 So.2d 1283. In that case, we reversed a summary judgment granted by the trial court and remanded the case for a resolution of whether Mrs. Taylor was "living with" James Taylor at the time of the accident so as to be considered an insured under the policy. The record before us does not indicate that this issue was resolved in the trial court.
[1] Perhaps under community property principles, the spouse of the title owner of a vehicle might also be an "owner" under the statute. However, I express no opinion as to that issue as it is not raised by the parties in this case.