755 So.2d 977 (1999)
Dale CLAVIER, et al., Plaintiffs-Appellees,
v.
Kenneth J. ROBERTS, et al., Defendants-Appellants.
No. 99-1070.
Court of Appeal of Louisiana, Third Circuit.
December 29, 1999.
Writ Denied March 24, 2000.
*978 Patrick C. Morrow, Sr., Chuck D. Granger, Opelousas, for Dale Clavier et al.
James Clarence Lopez, Opelousas, for Kenneth J. Roberts et al.
Preston D. Cloyd, Lafayette, for State Farm Mutual Automobile Insurance Co.
Paul Holiday Fleming Baker, Lafayette, Gary A. Cotogno, Kenneth E. Pickering, New Orleans, for Holy Hill, L.L.C. et al.
BEFORE: THIBODEAUX, SAUNDERS, WOODARD, DECUIR, and GREMILLION, Judges.
WOODARD, Judge.
Mr. Jordan Clavier sustained injuries while operating a 1991 Mazda 323 (the Mazda) owned by his parents, Mr. Dale Clavier, and Mrs. Debra Clavier, and insured by State Farm Mutual Automobile Insurance Company (State Farm). State Farm denied the Claviers' claim to uninsured/underinsured motorist (UM) coverage. The trial court granted the Claviers' motion for summary judgment and denied State Farm's. We reverse in part, affirm in part, and remand.

FACTS
On April 30, 1998, while operating a 1990 Isuzu pickup, Mr. Kenneth Roberts struck a 1997 GMC pickup which Mr. Albert Hardy was driving but which was owned by his employer, Holly Hill, Limited Liability Company (Holly Hill). Hardy was westbound on Creswell Lane in Opelousas, Louisiana. The shock of the collision sent his vehicle onto the eastbound side where he struck a Mazda operated by Mr. Jordan Clavier.
Claiming that he received injuries to his head, upper back, legs, and arms, Jordan and his parents filed suit against Roberts; US Agencies Casualty Insurance Company, Inc. (USAC), Roberts' automobile liability insurer; Hardy; Holly Hill; American Central Insurance Company (ACIC), Holly Hill's automobile insurer, and State Farm, as Clavier's alleged liability and UM insurer. On October 30, 1998, State Farm filed a motion for summary judgment, claiming that there was no UM coverage on the Clavier's Mazda. The Claviers answered, filing a countervailing motion for summary judgment on March 29, 1999. After a hearing held on April 9, 1999, the *979 trial court granted the Claviers' motion for summary judgment and denied State Farm's in a judgment signed on April 29, 1999. State Farm appeals suspensively.

THE CLAVIERS' MOTION FOR SUMMARY JUDGMENT
The Claviers own a Mazda, a Ford Crown Victoria, and Dodge Dakota, insured under a State Farm liability policy. Assuming that they properly rejected UM coverage on their Mazda, we must decide whether Jordan may claim coverage under the UM policy issued on their other two vehicles?
State Farm urges that it is a legal error to find Jordan to be entitled to the UM coverage issued on other vehicles, than that which he operated at the time of the accident. We find merit to State Farm's argument and reverse.
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate.[1]
Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2] La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake.[3] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover. The nonmover must sufficiently establish the existence of an essential element of his claim on which he is to bear the burden of proving at trial.[4] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6] Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.[7] Facts are material if they determine the outcome of the legal dispute.[8] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[9]
The case sub judice raises issues relating to the law of UM coverage as set *980 forth in La.R.S. 22:1406 and which, in essence, states that automobile liability insurance arising out of ownership, maintenance, or use of a motor vehicle registered in Louisiana must provide UM coverage equal to the liability provided for bodily injury, unless the insured adequately rejected such coverage or selected lower limits.[10]
The Louisiana Supreme Court explained the rationale supporting UM coverage in Roger v. Estate of Moulton,[11] as follows:
The object of the statute is to promote recovery of damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured.
There is a strong public policy in favor of UM coverage.[12] As a result, the Louisiana UM coverage statute must be liberally construed.[13] It operates as an implied amendment to any automobile liability policy even to that which may not specifically address the subject matter.[14] Thus, UM coverage must be read into a policy unless it has been properly rejected,[15] and the statutory exceptions to coverage must be strictly construed.[16]
In the present case, the issue is whether Jordan is entitled to State Farm's UM coverage issued on his parents' vehicles other than the Mazda which he operated at the time of the accident. In Wyatt v. Robin,[17] the supreme court found that the anti-stacking provision of the UM coverage statute limited the amount one could recover when several UM policies were available. It "[did] not limit one's access to available coverage." Nevertheless, Wyatt was legislatively overruled in 1988 by Act No. 203, enacting La.R.S. 22:1406(D)(1)(e), which states:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
(Emphasis added.) Clearly, this amendment to the law of UM coverage keeps vehicle owners from extending to all owned vehicles, the UM coverage incurred on only one of them.[18] Thus, undoubtedly, the State Farm UM policy did not cover either Mr. or Mrs. Clavier when occupying the Mazda.
The Claviers argue that "owned" does not include Jordan because he is a resident relative, but not the Mazda owner. State Farm claims that precedence from our circuit has interpreted the word "owned" to include all of the household's members. When granting the Claviers' motion for summary judgment, the trial court stated:
LSA-R.S. 22:1406(D)(1)(e) is inapplicable because Jordan was driving a non-owned *981 vehicle. The set of facts presented in the case at bar differs from the facts in the case law presented to the court by the defendant. The case at bar pertains to an insured under the state farm policy driving a non-owned vehicle which is not excluded under LSA-R.S. 22:1406(D); hence, since there is no exclusion, Jordan Clavier is entitled to UM coverage under one of his father's State Farm policies.
Although the trial court's interpretation of La.R.S. 22:1406(D)(1)(e) appears sound, we are bound by our precedence as well as the convincing jurisprudence from the other circuits.
In Taylor v. Sider,[19] the plaintiff, Ms. Taylor sustained injuries while occupying a vehicle with her resident daughter. She claimed coverage under a UM policy issued on a vehicle that she and her husband owned. The court denied her coverage, finding that the vehicle in which she sustained injuries was not described in the policy under which she made her claim. Our brethren of the fourth circuit did not find relevant the fact that Ms. Taylor did not own the vehicle in which she sustained her injuries, stating that for the purpose of interpreting La.R.S. 22:1406(D)(1)(e), "Louisiana courts have not distinguished between the owner and other family members."
In Jones v. Allstate Ins. Co.,[20] while interpreting the statute, the court stated:
The intent of the statute cannot be circumvented by allowing different members of the same household to actually own the different vehicles and waive the coverage on all but one. Regardless which member of the household owns the vehicle involved in the accident, if coverage is waived on that vehicle there can be no recovery on the coverage of other vehicles owned by other members of the same household that do not list the vehicle involved in the accident in their policy.
In Sandoz v. State Farm Mut. Auto. Ins. Co.,[21] the minor son of the vehicle owners sustained injuries in a single car accident when his mother skidded off the highway and overturned. The liability carrier denied coverage under a UM policy issued on another car owned by the plaintiffs. We found that the minor son could not collect UM coverage issued on a vehicle different from that in which he sustained injuries "if he is occupying a family owned vehicle not described in that policy."
Thus, under the precepts stated in the aforementioned cases, La.R.S. 22:1406(D)(1)(e) excludes Jordan from the scope of coverage of State Farm's UM policy.[22] Accordingly, we reverse the trial court's grant of the Claviers' motion for summary judgment due to legal error.

STATE FARM'S MOTION FOR SUMMARY JUDGMENT
State Farm contends that the trial court erred in denying its motion for summary judgment. We disagree.
UM coverage applies to all automobile liability insurance unless the insured adequately rejected such coverage or selected lower limits.[23]
In the instant case, State Farm produced a document entitled Louisiana Uninsured Motor Vehicle Coverage in which Mr. Clavier appears to have properly waived UM coverage on the Mazda. Nevertheless, our de novo review of the record reveals an affidavit signed by Mr. Clavier on April 8, 1999, in which he states *982 that the initials "DC" appearing on line three of the UM waiver form, indicating that he waived UM coverage on the Mazda, do not appear to be in his handwriting, nor does he remember initialing this line.
Obviously, this affidavit creates a genuine issue of material fact whether Mr. Clavier actually waived UM coverage on the Mazda. Thus, the trial court's denial of State Farm's motion for summary judgment stands, and we remand this case to the trial court for further proceedings on the issue.

CONCLUSION
The trial court's grant of the Claviers' motion for summary judgment is reversed and its decision to deny State Farm's motion for summary judgment is affirmed. We tax the costs of this appeal equally against the Claviers and State Farm.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
SAUNDERS, J., dissents in part with reasons.
THIBODEAUX, J., dissents for the reasons assigned by Judge SAUNDERS and for the further reason that, contrary to the majority's view, civilian methodology does not compel U.S. to be bound by our "precedents" nor by jurisprudence from other circuits.
SAUNDERS, J., dissenting in part with reasons.
The trial judge correctly granted summary judgment in favor of Clavier and I dissent from the part of this judgment that reverses the summary judgment. The trial court correctly observed that:
LSA-R.S. 22:1406(D)(1)(e) is inapplicable because Jordan was driving a non-owned vehicle. The set of facts presented in the case at bar differs from the facts in the case law presented to the court by the defendant. The case at bar pertains to an insured under the state farm policy driving a non-owned vehicle which is not excluded under LSA-R.S. 22:1406(D); hence, since there is no exclusion, Jordan Clavier is entitled to UM coverage under one of his father's State Farm policies.
The trial judge is completely correct: (1) Clavier is an insured motorist; (2) he is driving a non-owned vehicle; and (3) the vehicle is not excluded under La.R.S. 22:1406(D) or the policy; therefore, Clavier is entitled to UM coverage. The conclusion follows logically from its premises and each of the premises are conceded to be true. The majority concedes that the trial court's reasoning "appears sound" but feels compelled by jurisprudence in "similar" cases to deny the plaintiff the coverage for which his father contracted and paid premiums. Here, again, the trial judge correctly points out that "[t]he set of facts presented in the case at bar differs from the facts in the case law presented to the court by the defendant." The trial court is correct and I would affirm its summary judgment and dissent from this part of the majority rule.
I agree with the majority that the request for summary judgment by State Farm was properly denied.
NOTES
[1] Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.
[2] La.Code Civ.P. art. 966(B).
[3] Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.
[4] Id.
[5] Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.
[6] Id.
[7] Id.
[8] Soileau, 702 So.2d 818.
[9] Id.
[10] Magnon v. Collins, 98-2822 (La.7/7/99); 739 So.2d 191; Odom v. Johnson, 97-546 (La.App. 3 Cir. 12/10/97); 704 So.2d 1254, writs denied, 98-778, 98-826, 98-876 (La.5/1/98); 718 So.2d 419, 420, 421.
[11] 513 So.2d 1126, 1130 (La.1987).
[12] Armand v. Rhodes, 96-15 (La.App. 3 Cir. 12/11/96); 685 So.2d 546, writ denied, 97-6 (La.3/21/97); 691 So.2d 81.
[13] Isaac v. Patterson Ins. Co., 97-608 (La.App. 3 Cir. 10/8/97); 702 So.2d 918, writ denied, 97-2806 (La.1/30/98); 709 So.2d 709.
[14] Magnon, 739 So.2d 191.
[15] Id.
[16] Isaac, 702 So.2d 918.
[17] 518 So.2d 494, 495 (La.1988).
[18] See Fontenot v. Farm Bureau Ins. Cos., 629 So.2d 495 (La.App. 3 Cir.1993).
[19] 97-1841 (La.App. 4 Cir. 4/29/98); 714 So.2d 783, 786, writ denied, 98-1769 (La.10/9/98); 726 So.2d 406.
[20] 619 So.2d 111, 114 (La.App. 1 Cir.1993).
[21] 620 So.2d 441 (La.App. 3 Cir.1993).
[22] See also Bamburg v. State Farm Mut. Auto. Ins. Co., 26,324 (La.App. 2 Cir. 12/7/94); 647 So.2d 447; Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App. 2 Cir.1991).
[23] Odom, 704 So.2d 1254.