783 So.2d 587 (2001)
Cheryl LANG
v.
ECONOMY FIRE & CASUALTY COMPANY, et al.
No. 00-1634.
Court of Appeal of Louisiana, Third Circuit.
April 4, 2001.
Chris L. Bowman, Attorney at Law, Jonesboro, LA, Counsel for Plaintiff/Appellee: Cheryl Lang.
Ronald J. Fiorenza, Provosty, Sadler & deLaunay, Alexandria, LA, Joseph Payne Williams, Williams & Williams, Natchitoches, *588 LA, Counsel for Defendant/Appellant: Economy Fire & Casualty Company.
Arthur R. Carmody, Jr., Wilkinson, Carmody & Gilliam, Shreveport, LA, Counsel for Defendants/Appellees: The Kansas City Southern Railway Company, Lawrence Martin.
Court composed of DECUIR, SULLIVAN, and PICKETT, Judges.
SULLIVAN, Judge.
Economy Fire and Casualty Company (Economy) appeals the trial court's grant of summary judgment in favor of Cheryl Lang and denial of summary judgment in its favor on the issue of uninsured motorist coverage (UM). For the following reasons, we reverse the grant of summary judgment in favor of Ms. Lang and grant summary judgment in favor of Economy.

Facts
On August 21, 1996, three young people were tragically killed when the car in which they were traveling was involved in an accident with a train. The car, a 1995 Ford Mustang, was operated by Angela Lang.[1] Angela's brother, Jonathan, and her step-sister, Angel Alexander, were passengers in the Mustang. Angela, Jonathan, and Angel lived with Steven and Cheryl Lang. Mr. Lang was Angela's and Jonathan's father; Ms. Lang was Angel's mother. The Mustang was insured under a policy of insurance issued to Mr. and Ms. Lang by Economy. The Economy policy also insured a 1996 Lincoln Town Car owned by the Langs.
Economy's policy provided liability and UM coverage in the amounts of $100,000 per person, $300,000 per accident. After the accident, Economy deposited $200,000 into the registry of the court, representing $100,000 per person of its liability limits, for the injuries suffered by Jonathan and Angel in the accident. Once these funds were distributed among Jonathan's and Angel's parents, Ms. Lang filed suit against Economy seeking payment under the UM coverage of its policy. The issue presented in Ms. Lang's and Economy's motions for summary judgment was whether Economy's policy provided UM coverage to Angel. The trial court determined that it did, rejecting Economy's claims that UM coverage was not provided to Angel under the terms of its policy.

Standard of Review
Appellate courts review summary judgments de novo, applying the same criteria used by the trial courts in deciding whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

Discussion
Economy urges that, pursuant to the following provisions of its policy, UM coverage was not afforded to Angel:
[U]ninsured motor vehicle does not include any vehicle or equipment:
a. owned by or furnished or available for the regular use of you or any family member.
c. operated on rails or crawler treads.[2]
*589 In Hasha v. Calcasieu Parish Police Jury, 539 So.2d 779 (La.App. 3 Cir.), writ denied, 541 So.2d 872 (La.1989), a situation almost identical to this one was presented. The Hashas' son was a passenger in a vehicle owned by his father. The driver of the vehicle was solely at fault in causing the accident which resulted in the death of the Hashas' son.[3] The Hashas' vehicle was insured under a policy issued by Casualty Reciprocal Exhange Insurance Company which insured two other vehicles owned by Mr. Hasha. Casualty's policy provided liability and uninsured motorist coverage. After Casualty and the driver's insurer paid the liability limits of their policies, the Hashas sued Casualty under the UM coverage of the policy insuring their vehicles. Casualty's policy included the same provision contained in Economy's policy regarding uninsured vehicles, i.e., "`uninsured motor vehicle' does not include any vehicle or equipment: 1. Owned by or furnished or available for the regular use of you or any family member."
In Hasha, this court determined that "the vehicle involved in the accident is excluded as an `uninsured motor vehicle' under the terms of the policy" and that "unless such policy provisions are contrary to law or public policy, they are the agreements between the parties." Id. at 781. The court then determined that the provision was not contrary to law or public policy.
The latter determination was made based upon another decision of this court in Shipp v. State Farm Mutual Automobile Insurance Co., 415 So.2d 582, 583 (La.App. 3 Cir.1982), where this court stated the following:
In our opinion, the issue posed for decision in this case was initially decided by the Supreme Court in Breaux v. Government Employees Insurance Co., 369 So.2d 1335 (La.1979), Nall v. State Farm Mutual Insurance Company, 406 So.2d 216 (La.1981), and Coco v. Allstate Insurance Company, 391 So.2d 50 (La. App. 3 Cir.1980). The rationale of these cases is dispositive of the issue involved herein. A guest passenger is not entitled to recover under both the liability and UM coverages in a situation such as the one at bar. In all three of those cases above mentioned, the guest passenger was allegedly injured or killed due to the negligence of the host driver. In all three of those cases, it was held that recovery could not be had under both liability and uninsured motorist coverages of the policy insuring the automobile involved in the accident, which was due to the host driver's negligence. This case presents an identical situation in theory.
Under Breaux, 369 So.2d 1335, and its progeny, "[o]ne cannot be insured with respect to liability coverage and underinsured with respect to UM coverage under the same insurance policy." Leboeuf v. Lloyd's of Louisiana, 572 So.2d 347, 350 (La.App. 1 Cir.1990), writ denied, 575 So.2d 393 (La.1991). See also Clavier v. Roberts, 99-1070 (La.App. 3 Cir. 12/29/99); 755 So.2d 977; writ denied, 00-204 (La.3/24/00); 758 So.2d 152 and Bamburg v. State Farm Mut. Auto. Ins. Co., 26,324 (La.App. 2 Cir. 12/7/94); 647 So.2d 447.

Decree
The trial judge erred in granting judgment in favor of Ms. Lang. Pursuant to the *590 terms of its policy and the facts of this case, Economy did not provide UM coverage to Angel Lang. Accordingly, the judgment of the trial court in favor of Ms. Lang is reversed and judgment is rendered in favor of Economy, dismissing the claims of Ms. Lang against it. All costs of this appeal are assessed to Cheryl Lang.
REVERSED AND RENDERED.
NOTES
[1] Whether Angela was solely at fault in causing the accident is not an issue to be determined herein. The railroad company that owned the train involved in the accident, as well as Steven Lang, are also named defendants.
[2] Ms. Lang does not contest Economy's entitlement to summary judgment regarding this provision.
[3] The driver of the vehicle was not related to the Hashas and was insured. While this fact distinguishes Hasha from this case, it has no bearing on the determination of the issue presented herein.