809 So.2d 1169 (2002)
Lois J. ADAMS, Wife of/and Clarence P. Adams and Christopher Adams
v.
ALLSTATE INSURANCE COMPANY and Hartford Insurance Company and Shawnte Cobb.
No. 01-CA-1244.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
Rehearing Denied March 22, 2002.
*1170 Robert N. Clarke, Metairie, LA, Counsel for Lois and Clarence Adams, Plaintiffs-Appellants.
Michael L. Stewart, John J. Erny, III, Metairie, LA, Counsel for Hartford Insurance Company, Defendant-Appellee.
P.M. Donovan, Donovan & Lawler, Metairie, LA, Counsel for Allstate Insurance Company.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This case arises from an accident that occurred on June 18, 1998 involving three motor vehicles. Lois Adams was riding as a guest passenger in a vehicle owned and operated by her son, Christopher Adams, when it was struck from behind by a vehicle driven by Shawnte Cobb and owned by Cornnsee Moore. After the initial impact, Ms. Cobb's vehicle was struck from behind by a vehicle owned and driven by Matthew Clayton, and this impact forced Ms. Cobb's vehicle to strike the vehicle occupied by Mrs. Adams once again.
Mrs. Adams and her husband, Clarence Adams, filed suit against several defendants, including Allstate Insurance Company, which was Ms. Cobb's insurer, and Hartford Insurance Company, which was Ms. Adams' uninsured motorist carrier. Mr. and Mrs. Adams entered into a settlement agreement with Allstate Insurance Company in which they dismissed all of their claims against Allstate in exchange for $7,204.00, and they reserved their rights to proceed against Hartford Insurance Company. A motion to dismiss based on this settlement was filed, and an order of dismissal was signed by the trial judge on December 30, 1999.
On March 13, 2000, Mr. and Mrs. Adams filed a petition to annul their settlement with Allstate because they received a *1171 copy of the Allstate declaration sheet on December 15, 1999 which indicated that the Allstate policy limits were $20,000, rather than $10,000 as previously indicated. At a hearing on the petition to annul which was held on December 4, 2000, Allstate indicated that they had no objection to rescinding the settlement if Mr. and Mrs. Adams returned the settlement proceeds. The trial judge continued the matter to January 19, 2001 and stated that the petition to annul would be dismissed if Mr. and Mrs. Adams did not return the settlement money by that date. On January 19, 2001, the trial judge dismissed the petition to annul because the money had not been returned. The trial judge signed a judgment dismissing the petition to annul with prejudice on January 29, 2001.
On May 10, 2001, a one-day trial on the merits was held against the last remaining defendant, Hartford Insurance Company. On May 17, 2001, the plaintiffs filed a "Motion to Re-open Record" in order to introduce exhibits which were not introduced at trial. This motion was denied on May 18, 2001. On June 1, 2001, the trial judge rendered a judgment in favor of the defendant, dismissing the plaintiffs' claims. The plaintiffs filed a motion for new trial seeking to introduce the exhibits which they failed to introduce at trial. This motion was denied on June 11, 2001.

DISCUSSION
On appeal, the plaintiffs assert that the trial court erred in dismissing Allstate from the case upon the failure of the plaintiffs to re-pay the amount received by them in settlement.
The plaintiffs filed a petition to annul seeking to nullify the settlement and dismissal of Allstate from the case. A party seeking to annul a judgment must bring a direct action by means of a petition, and the adverse party must be cited to appear, as in ordinary suits. LSA-C.C.P. art.2004; Russland Enterprises, Inc. v. City of Gretna, 98-676 (La.App. 5 Cir. 1/26/99), 727 So.2d 1223, 1226, writ denied, 99-0980 (La.5/28/99), 743 So.2d 669; Roach v. Pearl, 95-1573 (La.App. 1 Cir. 5/10/96), 673 So.2d 691, 693. A petition to annul is a new proceeding which is separate from the proceeding in which the judgment in question was rendered. Id.
A judgment of dismissal with prejudice is a final judgment. LSA-C.C.P. art. 1673; Adams v. Dupree, 94-2353 (La.App. 4 Cir. 10/12/95), 663 So.2d 433, 436, writ denied, 95-2750 (La.1/26/96), 666 So.2d 676. On January 29, 2001, the trial judge dismissed the petition to annul with prejudice, and notices of judgment were issued by the Clerk of Court that same day. The parties did not seek an appeal of the judgment on the petition to annul until June 26, 2001, which is clearly beyond the delays for taking a devolutive appeal, pursuant to LSA-C.C.P. art.2087.
Although the plaintiffs assert that the appeal delays did not begin to run until the date of the denial of the plaintiffs' motion for new trial, we do not agree. As stated above, a petition to annul is a separate and distinct action from the proceeding in which the judgment sought to be nullified was rendered. The plaintiffs did not file a motion for new trial regarding the dismissal of the petition to annul, and the judgment on that is now final.
The motion for new trial was filed after trial on the merits of the original tort action, and it was solely for the purpose of introducing new evidence. Although the plaintiffs may argue that they are appealing the order of dismissal in the original action, the evidence in the original action prompting the dismissal merely consists of the motion and order for dismissal based on a settlement which was signed by counsel for the plaintiff and the trial judge. There is no evidence in this action to indicate *1172 that the order of dismissal was improperly granted by the trial judge. The allegations of impropriety all pertain to the proceeding on the petition to annul, not the original proceeding.
Considering the record before us, we find that the plaintiffs did not timely appeal the dismissal of the petition to annul their settlement with Allstate Insurance Company. Accordingly, we will not consider the merits of this issue on appeal and find no error in the dismissal of Allstate.
In their second assignment of error, Mr. and Mrs. Adams contend that the trial court was clearly wrong in finding that the plaintiffs did not prove their case against Hartford Insurance Company by a preponderance of the evidence.
In order to recover against her uninsured motorist ("UM") carrier, Mrs. Adams must establish that the owners and operators of the vehicles involved did not have liability insurance or that they were underinsured. LSA-R.S. 22:1406. Mrs. Adams must also prove that the vehicle in which she was riding as a guest passenger did not have UM coverage. LSA-R.S. 22:1406(D)(1)(c)(i); Taylor v. Sider, 97-1841 (La.App. 4 Cir. 4/29/98), 714 So.2d 783, 785, writ denied, 98-1769 (La.10/9/98), 726 So.2d 406. However, at the trial in this case, the plaintiffs failed to introduce any evidence of the existence or limits of any insurance policies issued to Mr. Clayton, Ms. Cobb, Mr. Moore, or Mr. Adams.
LSA-R.S. 22:1406(D)(1)(c)(i) provides in pertinent part:
If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
Pursuant to this portion of the statute, an injured party may seek UM coverage from her own UM carrier as well as the coverage available on the vehicle in which she was riding, if she is occupying a vehicle that she does not own, and is not owned by a resident spouse or relative. Taylor v. Sider, supra at 786. Under the anti-stacking provisions set forth in LSA-R.S. 22:1406(D), an injured party is only entitled to recovery under one UM policy when the vehicle in which she was traveling is owned by a resident relative, and the UM coverage on the vehicle in which the injured party was traveling is primary. LSA-R.S. 22:1406(D)(1)(c)(ii); Hellmers v. Nicholas, 98-0652 (La.App. 4 Cir. 1/6/99), 737 So.2d 781, 784, writ denied, 99-0770 (La.5/7/99), 740 So.2d 1286.
*1173 In this case, the record reflects that Christopher Adams was a resident relative of Mrs. Adams. Therefore, at trial, Mrs. Adams was required to prove that Christopher Adams' vehicle did not have UM coverage in order to assert a claim against her UM carrier, Hartford Insurance Company. However, the plaintiffs did not produce any evidence at trial regarding the existence or non-existence of UM coverage on Mr. Adams' vehicle. Therefore, they did not meet their burden of proving that they could not recover against the owner of the vehicle's UM coverage, which is the primary policy, and they are thereby precluded from recovering under Mrs. Adams's personal UM policy with Hartford.
Although the plaintiffs submitted declaration sheets for insurance policies issued to Mr. Clayton and Mr. Adams as attachments to their post-trial memorandum, they were not introduced at trial. Evidence not properly and officially offered and introduced shall not be considered, even if it is physically placed in the record. Ray Brandt Nissan, Inc. v. Gurvich, 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, 476. The plaintiffs filed a motion seeking to re-open the record for the purpose of introducing the additional documents. However, the trial judge denied the motion. A trial judge's decision whether or not to reopen a case for additional evidence is discretionary and will not be disturbed absent a clear abuse of discretion. Bankston v. Bankston, 97-2509 (La. App. 1 Cir. 11/6/98), 722 So.2d 46. Considering the record in this case, we cannot say that the trial judge abused his discretion when he denied the plaintiffs' motion to re-open record.
Accordingly, since the plaintiffs did not produce any evidence regarding insurance coverage issued to Ms. Cobb, Mr. Moore, Mr. Clayton, or Mr. Adams, we find that the plaintiffs did not meet their burden of proof and they cannot recover from Hartford Insurance Company. Accordingly, this assignment of error is without merit, and we affirm the judgment of the trial court.
AFFIRMED.