I SULLIVAN, Judge.
The issue presented by this writ application is whether the occupants of a vehicle owned by a resident relative may recover under an additional uninsured motorist (UM) policy that they purchased on a vehi *1081 cle not involved in the accident. Because we find that La.R.S. 22:1406(D)(l)(e) prohibits recovery under a second policy in these circumstances, we hold that the trial court erred in not granting the UM insurer’s motion for summary judgment on this issue.
Facts
On December 25, 1999, Herman Nall was operating a vehicle owned by his mother-in-law, Margie Coker, with Ms. Coker and his wife, Patricia Nall, as guest passengers, when that vehicle was struck by one driven by Blake Lemoine. It is undisputed that Mr. Lemoine’s negligence was the sole cause of the accident. At the time of the accident, the Nalls and Ms. Coker resided together at 2004 Brentwood Avenue in Alexandria, Louisiana.
Mr. Lemoine’s automobile liability insurer tendered its liability limits of $100,000 per occurrence, and Ms. Coker’s UM carrier, State Farm Mutual Automobile Insurance Company (State Farm), tendered its limits of $10,000 per person, $20,000 per accident. Thereafter, the Nalls and Ms. Coker sued State Farm, as the UM insurer of a Lincoln Town Car owned by the Nalls that was not involved in the accident. The Town Car’s UM policy had limits of $25,000 per person, $50,000 per occurrence.
The trial court granted State Farm’s motion for summary judgment that its policy on the Town Car did not provide UM coverage for Ms. Coker, but it denied State Farm’s motion as to the Nalls.[1] In an unpublished opinion, with one judge | ^dissenting, this court denied State Farm’s writ application, finding no error in the trial court’s ruling. Nall v. State Farm Mut. Auto. Ins. Co., 01-1671 (La.App. 3 Cir. 3/5/02). However, upon State Farm’s application, the supreme court remanded the matter to this court for briefing, argument, and opinion. Nall v. State Farm Mut. Auto. Ins. Co., 02-964 (La.5/31/02); 816 So.2d 862.
Opinion
We begin our analysis with La.R.S. 22:1406(D)(1)(c), which provides:
(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as *1082 excess over and above the primary coverage available to the injured occupant.
(Emphasis added.)
In Taylor v. Sider, 97-1841 (La.App. 4 Cir. 4/29/98); 714 So.2d 783, writ denied, 98-1769 (La.10/9/98); 726 So.2d 406, the fourth circuit applied La.R.S. 22:1406(D)(1)(c) under facts substantially similar to those herein. In that case, the plaintiff and her adult, resident daughter were in an accident while occupying a |3vehicle owned by the daughter. In finding that the plaintiff could not recover under the UM policy on a vehicle owned by her resident husband, the court stated:
Under the clear provisions of LSA-R.S. 22.T406(D)(l)(e)(i), while [the plaintiff] may have UM coverage available under two State Farm policies, one on [her daughter’s] car and one on [her husband’s] car, she may not “stack” them so as to receive UM coverage under both policies. William Shelby McKenzie and H. Alston Johnson, III, Louisiana Civil Law Treatise Vol. 15: Insurance Law and Practice, § 121 at 297 (2nd ed.1996). An exception to this general rule is contained in part e(ii) of the statute, wherein an injured passenger may seek UM coverage for injuries sustained while occupying an automobile not owned by the injured party, resident spouse, or resident relative. In adding this exception, the legislature intended to afford an insured, when riding with others, the protection of his own UM coverage, in addition to whatever coverage was available on the vehicle in which he was riding. McKenzie, Uninsured Motorist Coverage—Stacking, 42 La. L.Rev. 343, 344 (1982). However, in 1988, the Legislature amended the anti-stacking statute to provide that this exception is not limited only to vehicles not owned by the insured, but also to vehicles not owned by a resident spouse or any resident relative. The amendment places all family members residing with the owner in the same position as the owner who is limited to one coverage. McKenzie and Johnson, III, at § 122, page 299.
[The plaintiff] argues that [her daughter] should not be considered a “resident relative” because she was an adult rather than a minor child, and therefore the element of collusive control is [not] present. However, the restriction contained in part (c)(ii) does not include the word “minor,” and by its clear language, includes any relative who is residing with the insured, regardless of age. The plain import of the statute cannot be ignored. Consequently, the exception to the anti-stacking statute is not applicable to the facts of the present case, and [the plaintiff] can recover under the UM coverage of only one policy.
Id. at 785-86 (second emphasis added).
Because the accident occurred while the Nalls were occupying a vehicle owned by a resident relative, Ms. Coker, they do not fall within the “anti-stacking” exception of paragraph (c)(ii) that would have allowed them to recover under one other UM policy in addition to the primary policy on the car involved in the accident. Hence, their recovery is governed by paragraph (c)(i), which provides that “such limits of | uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy.” (Emphasis added.) By seeking to recover under both Ms. Coker’s policy and their policy on the Town Car, the Nalls are clearly trying to increase the UM coverage available to them through the use of more than one policy, in contravention of the statute. The trial court erred in denying State Farm summary judgment on this issue.
*1083 The Nalls also argue that they should at least be allowed to choose their recovery under the more favorable of the two policies, the one on their Town Car. In Taylor, 714 So.2d 783, which this court cited with approval in Clavier v. Roberts, 99-1070 (La.App. 3 Cir. 12/29/99); 755 So.2d 977, writ denied, 00-204 (La.3/24/00); 758 So.2d 152, the court also resolved this issue against the plaintiff by applying La.R.S. 22:1406(D)(1)(e):
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
(Emphasis added.)
Although the Nalls did not “own” the Coker vehicle, another family member did. As pointed out in Taylor, 714 So.2d at 786, “Louisiana courts have not distinguished between the owner and other family members” in applying La.R.S. 22:1406(D)(1)(e). The court further explained: “Through this amendment, the Legislature intended to preclude owners from carrying UM coverage only on selected family vehicles, while still gaining benefit of such protections regardless of which vehicle happens to be involved in an accident. Instead, in such circumstances, the lawmakers restricted UM coverage to that policy covering the occupied automobile.” Id. (emphasis added).
Although it was suggested in Clavier, 755 So.2d 977, that a contrary interpretation of paragraph (e) appeared “sound,” we chose to follow the “convincing” jurisprudence that offered the following rationale:
The intent of the statute cannot be circumvented by allowing different members of the same household to actually own the different vehicles and waive the coverage on all but one. Regardless which member of the household owns the vehicle involved in the accident, if coverage is waived on that vehicle there can be no recovery on the coverage of other vehicles owned by other members of the same household that do not list the vehicle involved in the accident in their policy.
Id. at 981 (quoting Jones v. Allstate Ins. Co., 619 So.2d 111, 114 (La.App. 1 Cir. 1993)). Perhaps the supreme court will choose to examine this issue, in light of the clear language of paragraph (e) and the policy that UM statutes should be liberally construed. See Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). However, we, too, are constrained to follow the precedent of this court and other circuit courts of appeal.
WRIT GRANTED AND MADE PEREMPTORY:
For the above reasons, that portion of the trial court judgment denying State Farm’s motion for summary judgment as to the Nalls’ claims is reversed, and Plaintiffs’ suit is dismissed at their cost.

. The trial court also ruled via summary judgment that the Nalls and Ms. Coker were not entitled to medical payments under the Town Car’s policy.