WILLIAMS, J.,
dissenting.
11 Concluding that UM coverage is excluded for this accident pursuant to the language of the insurance policy in question, I respectfully dissent.
*528 An insurance policy is a conventional obligation that constitutes the law between the insured and the insurer and the agreement governs their relationship. LSA-C.C. art. 1983. The extent of coverage is determined from the intent of the parties as reflected by the words of the insurance policy. Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024.
Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume. When the language of a policy is unambiguous and clear, the insurance contract must be enforced as written. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty, 93-0911 (La.1/14/94), 630 So.2d 759.
In this case, Harlow was driving his BMW when he was hit head-on by a Mitsubishi automobile, which was driven by his relative, Thomas Dixon, but owned by Harlow. The State Farm UM insurance policy clearly states that an “uninsured motor vehicle” does not include a vehicle owned by the insured.
The evidence submitted on summary judgment demonstrates that Harlow was the registered owner of both vehicles involved in the accident. The record contains no evidence of a sale of the Mitsubishi by Harlow, despite the suggestion of a possible sale raised for the first time in his appellate brief to this court. Consequently, a de novo review of this record 12shows that Harlow failed to present any evidence of a sale of the Mitsubishi in opposition to State Farm’s motion for summary judgment.
Pursuant to the unambiguous terms of the policy, the Mitsubishi is not an uninsured motor vehicle because it was owned by the insured, Harlow, at the time of the accident. Thus, Harlow’s UM coverage is not applicable to this situation under the plain language of the policy.
There is no showing by Harlow that the UM statute, LSA-R.S. 22:1295, prohibits an insurer from defining what constitutes an uninsured motor vehicle under the policy. In the cases of Lang v. Economy Fire & Casualty, 2000-1634 (La.App.3rd Cir.4/4/01), 783 So.2d 587 and Hasha v. Calcasieu Parish Police Jury, 539 So.2d 779 (La.App. 3rd Cir.), writ denied, 541 So.2d 872 (La.1989), the appellate court determined that an almost identical exclusion was not contrary to law or public policy.
Although Harlow was driving a vehicle he owned that was covered by UM insurance, he was injured by another vehicle which he also owned, but that he did not cover with UM insurance. Thus, contrary to the majority’s assertion, Harlow is attempting to collect liability coverage on his Mitsubishi while also attempting to collect UM coverage on his BMW.
Based upon the language of the policy and the applicable law, Harlow is not entitled to recover under his UM coverage because his Mitsubishi is not an uninsured vehicle as defined in the policy. Consequently, the district court erred in denying the insurer’s motion for summary judgment.
LOLLEY, J., dissents for the reasons assigned by WILLIAMS, J.