762 So.2d 223 (2000)
Oscar ARAUJO and Lisa Araujo, Individually and on Behalf of the Minor Child John Doe
v.
John EITMANN, Jr., Individually and on Behalf of the Minor Child, John Eitmann, III and Abc Insurance Company.
No. 99-CA-1377.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 2000.
David Greenberg, Adrian F. Lapeyronnie, III, Gretna, Louisiana, Attorney For Appellant.
Matthew J. Ungarino, Ginger K. Deforest, Metairie, Louisiana, Attorneys For Appellee Scottsdale Insurance Company.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CANNELLA, Judge.
Third party plaintiff, John Eitmann, Jr., individually and on behalf of his minor child (Eitmann) appeals from a summary *224 judgment granted in favor of his insurer, co-defendant and third party defendant, Scottsdale Insurance Company (Scottsdale), dismissing the third party petition by Eitmann against Scottsdale. For the reasons which follow, we affirm.
The original Plaintiffs, Oscar Araujo and Lisa Araujo, individually and on behalf of their minor child (the Araujos) filed a tort suit against Eitmann and Scottsdale, to recover for damages they sustained when their minor child was the victim of forced sexual contact by Eitmann's minor child. In response to the original petition, Scottsdale filed for a summary judgment, denying coverage of the alleged offenses as described in the petition (summary judgment 1). Eitmann then filed a third party demand against Scottsdale, alleging coverage, a duty to defend, and damages under La. R.S. 22:658 & 1220. Scottsdale filed for a second summary judgment in response to the third party petition, again claiming that the Scottsdale liability policy did not provide coverage for the acts alleged in Plaintiffs' petition (summary judgment 2). Ultimately, the trial court granted both summary judgments and certified them as final, in accordance with La. C.C.P. art. 1915(B)(1), for immediate appeal.[1] Eitmann lodged this appeal from the granting of summary judgment[2] against him on his third party claim against his insurer, Scottsdale.
On appeal, Eitmann argues that the trial court erred in granting the summary judgment in favor of Scottsdale on two grounds. First, Eitmann contends that the trial court wrongfully applied the "inferred intent doctrine" from Belsom v. Bravo, 94-876 (La.App. 5th Cir. 4/25/95), 658 So.2d 1304, writs denied, 95-1327 (La.9/1/95), 659 So.2d 737, because the doctrine is not applicable to this case where the offender was also a minor. Second, Eitmann argues that the trial court looked to the offender's juvenile record as an indication that there were material issues of fact that the trial court was trying to resolve, which should have precluded the granting of a summary judgment.[3]
Scottsdale argues to the contrary that the summary judgment was correctly granted by the trial court in its favor. Scottsdale contends that the trial court appropriately applied the "inferred intent doctrine" to this case despite the minority of the offender because the act of sexual battery is so insidious that intent can be inferred even to a minor. In the alternative, however, Scottsdale points out that the summary judgment in its favor was correctly granted under the second applicable exclusion in the policy which excludes coverage for "any claim, demand or suit based on assault and battery, and assault and battery shall not be deemed as an accident." We agree with this latter argument.
Following the amendment of the summary judgment law, summary judgment is now favored. It shall be used to "secure the just, speedy, and inexpensive determination" of all actions, except those excluded by La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2). The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that *225 mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Accordingly, we undertake a de novo review of this appeal.
In Louisiana, insurance policies are interpreted under the rules governing contract interpretation. La. C.C. arts. 2045-2057. Unless a statute or public policy dictates otherwise, insurers have the right to limit liability and enforce conditions or limitations upon their insureds. Language in an insurance policy which is clear, expresses the intent of the parties and does not violate a statute or public policy must be enforced as written. If the insurance policy is susceptible of two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage. Newby v. Jefferson Parish School Board, 99-98 (La.App. 5th Cir. 6/1/99), 738 So.2d 93.
The Scottsdale policy was a "Dwelling Policy" which provided general liability coverage to the insureds. The policy also provided for certain exclusions from coverage. Pertinent to the issues before us, the policy provide the following two exclusions:
PREMISES LIABILITY OF THIS POLICY DOES NOT APPLY:
3. To bodily injury or property damage caused intentionally by or at the direction of the INSURED;
* * *
8. To any claim, demand or suit based on assault and battery, and assault and battery shall not be deemed as an accident, whether or not committed by or at the direction of the INSURED;
The petition in this case alleges that the damages sustained by plaintiffs "were caused directly, solely and proximately by the intentional acts of the minor child ... in the following nonexclusive particulars, to-wit:
1. Enticing the minor child, John Doe, to touch his genitals and to engage in oral sex;
2. Forcing the minor child, John Doe, to touch his genitals;
3. Willfully committing the act of sexual battery against the minor child, John Doe;"
In the civil area of the law, battery has been defined as intentional, offensive contact with another person. Caudle v. Betts, 512 So.2d 389 (La.1987); Lawrence v. Security Professionals, 32,325 (La.App. 2nd Cir. 8/18/99), 743 So.2d 247, writs denied, 99-2727 (La.11/24/99), 750 So.2d 991. Further, intent, in this context, has been held to mean that the actor either consciously desires the physical result of his act, or knows that the result is substantially certain to follow from his conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981).
Under the undisputed facts before us presented in Plaintiffs' petition, it is clear that the offender intended to make offensive contact with the victim. In fact, it is alleged that he also forced the victim to do certain acts. It is also beyond argument that the contact was offensive. Thus, it is clear that the acts alleged in the petition constitute a battery. Eitmann alleged in the third party demand that Scottsdale provided coverage for all sums which he was legally obligated to pay as damages caused by the occurrence alleged in the petition. Since Plaintiffs' claim for damages arise from a battery, Eitmann's claim for coverage for his liability for those damages also arises from a battery and, as such, is excluded from coverage under the policy provisions. Thus, we find on this basis that the summary judgment in Scottsdale's favor, dismissing the third party claim for coverage, duty to defend and damages, was properly granted.
Eitmann's other argument in brief to this court, and, in fact, his main argument, was on the inappropriate application of the "inferred intent doctrine" to this case because the offender was himself a minor. *226 Specifically, Eitmann took issue with the apparent application by the trial court of this court's decision in Belsom to this case. While we recognize that this issue is moot in view of our finding above, that the battery exclusion applies and provides the grounds for the summary judgment, we nevertheless feel constrained to recognize merit in Eitmann's argument on this point. First, the reasoning in Belsom is of dubious authority, since only the writer subscribed to it, with both concurring judges expressly stating that they did not subscribe to the reasoning, but only to the result. Further, Eitmann correctly points out that all of the cases cited by Scottsdale in support of the "inferred intent doctrine" involved adult perpetrators and not a minor, as in this case. In the case of an adult perpetrator, it is indeed difficult to conceive of a situation where the intent to injure a child victim of sexual abuse should not be inferred to the perpetrator. However, we also recognize that different considerations might be applicable, in a case such as this one, where the perpetrator himself is a minor. Case by case review involving a factual determination of the offender's intent to injure may well be required. We do not need to resolve this problem herein because we have found that coverage in this case was excluded under the battery exclusion.
Accordingly, for the reasons set forth above, we affirm the ruling by the trial court granting summary judgment in favor of Scottsdale and dismissing the third party petition filed by Eitmann against Scottsdale. Costs of appeal are to be borne by both parties.
AFFIRMED.
NOTES
[1] Numerous motions and memoranda were filed by all parties between the filing of summary judgment and the rulings which ultimately resulted in the granting of both summary judgments in Scottsdale's favor. The nature, timing and sequence of these filings are not relevant to the issues before us and are, therefore, not listed in detail.
[2] There is nothing in this record indicating that Plaintiffs lodged an appeal from summary judgment 1. It is not before us in this appeal and has no effect on our decision herein.
[3] In oral argument it was argued that the trial court erred in viewing the juvenile's court record. However, we note that no objection was made in the trial court when the trial judge asked for the record, viewed it and commented upon it. Thus, that issue has not been preserved on appeal.