837 So.2d 712 (2003)
Donald Lane SOUTHERLAND, et ux, Plaintiffs-Appellants,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellee,
Ryan's Family Steakhouses, Inc., Intervenor-Appellee.
No. 36,782-CA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
Rehearing Denied February 27, 2003.
Alex S. Lyons, for Appellant.
Mayer, Smith & Roberts by: Dalton Roberts Ross, for Appellee.
*713 Christopher K. Lightfoot, Gabriel J. Veninata, for Intervenor-Appellee, Ryan's Family Steakhouses, Inc.
Before BROWN, WILLIAMS and GASKINS, JJ.
BROWN, C.J.,
Donald Southerland worked for Ryan's Family Steakhouse in Bossier City, Louisiana, and was injured in an automobile accident while driving his own vehicle in the course and scope of his employment. It is alleged that a third party tortfeasor was solely at fault. The tortfeasor's liability insurer paid its policy limits of $10,000. Southerland and his wife filed this action against his employer's uninsured/underinsured carrier, Continental Casualty Company.[1]
Continental filed a motion for summary judgment asserting that its insurance policy afforded no UM coverage to Donald Southerland. The motion was granted and the Southerlands' claims were dismissed. Southerland and his wife have appealed. We affirm.

Discussion

The Policy
In effect at the time of the accident was a business automobile insurance policy issued by Continental to Ryan's Steakhouse, the named insured. It provided $1,000,000 liability coverage for "Covered Autos" designated by the symbol "1" and $1,000,000 Uninsured/Underinsured Motorists coverage for "Covered Autos" designated by the symbol "2." The symbol "1" refers to "any auto." The symbol "2" refers to
OWNED "AUTOS" ONLY. Only those "autos" you own.... This includes those "autos" you acquire ownership of after the policy begins.

Coverage under the UM Endorsement
Subsection "B (5)" of the UM endorsement reads as follows:
B. WHO IS AN INSURED
1. You.
* * *
5. Anyone else "occupying" an "auto" you do not own and that is a covered "auto" under this coverage part for Liability Insurance and is licensed or principally garaged in Louisiana. (Emphasis added).
Thus, the question is, "What is a covered auto?"
The Louisiana Supreme Court answered this inquiry in Carrier v. Reliance Insurance Company, 99-2573 (La.4/11/00), 759 So.2d 37. After reviewing the state and federal jurisprudence interpreting similar policy language triggered by circumstances identical to the instant case, the supreme court concluded that the only reasonable interpretation limited coverage to "specifically described autos." Therefore, plaintiff was not covered under the UM endorsement because his vehicle was not described in his employer's policy.
In the present case, the restricting phrase was "covered `auto' under this coverage part ..." In Dunn v. St. Paul Fire & Marine Insurance Company, 33,904 (La.App.2d Cir.09/27/00), 768 So.2d 720, writ denied, 00 3014 (La.12/15/00), 777 So.2d 1235, this court found no distinction between this phrase and the "specifically described autos" language in Carrier. Thus, because Southerland's vehicle was not described in the policy, he was not occupying a covered auto and was not an insured under the UM endorsement.
*714 Does La. R.S. 22:1406 extend UM coverage?
Alternatively, Southerland argues that, even if the UM endorsement does not extend coverage to him, he is an insured under the liability provisions of the policy and UM coverage should attach to him. The basis of this argument is rooted in La. R.S. 22:1406, which mandates that UM coverage is an implied amendment to any automobile insurance policy delivered in Louisiana unless validly rejected. Magnon v. Collins, 98-2822 (La.07/07/99), 739 So.2d 191.
Southerland argues that because he qualifies as an insured under the liability portion, and there is no evidence that he or his employer executed a valid rejection form, UM coverage should attach to him. Continental, however, argues the legislatively created exception found in La. R.S. 22:1406(D)(1)(e), which reads as follows:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles. (Emphasis added).
Even assuming that Southerland would be an insured under the liability endorsement, La.R.S. 22:1406(D)(1)(e) specifically states that the mandatory UM coverage does not apply to bodily injury of the insured while the insured is occupying a vehicle owned by the insured but not described in the insurance policy. Southerland (the alleged insured) was injured while driving a vehicle he owned that is not described in Continental's policy. Therefore, this argument is without merit.

Conclusion
For the foregoing reasons, we affirm the summary judgment of the trial court in favor of the defendant Continental. Costs of this appeal are assessed to plaintiffs.
AFFIRMED.

APPLICATION FOR REHEARING
Before BROWN, C.J., WILLIAMS, GASKINS, DREW, and MOORE, JJ.
Rehearing denied.
NOTES
[1] The employer, Ryan's Family Steakhouse, Inc., intervened, seeking to recover workers' compensation benefits it paid from any award made to Southerland.