STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-717

THELMA IRVIN, individually and on behalf of her minor child,
ROCHELLE JOHNLOUIS

VERSUS

STATE FARM MUTUAL AUTO INS. CO., STATE FARM INSURANCE
COMPANY, LISA M. REYNAUD, AND KIM REYNAUD

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2001-6375
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

NED E. DOUCET, JR.
CHIEF JUDGE

**********

Court composed of Ned E. Doucet, Jr., Chief Judge, Sylvia R. Cooks, and Michael G.
Sullivan, Judges.

AFFIRMED.

Alfred Frem Boustany II
P. O. Box 4626
Lafayette, LA 70502
Counsel for: Plaintiff-Appellant
        Thelma Irvin

Kenny Layne Oliver
Terry L. Rowe
David Oliver Way
P. O. Drawer 80655
Lafayette, LA 70598-0655
Counsel for: Defendants-Appellees
        State Farm Mutual Auto Ins. Co., Lisa Reynaud, and Kim Reynaud

Natasha Z. Wilson

**Elizabeth C. Harper**
**701 Poydras St., Suite 4040**
**New Orleans, LA 70139**
**Counsel for: Defendant-Appellee**
  **Continental Casualty Company**

DOUCET, Chief Judge.

The Plaintiff, Thelma Irvin, appeals the dismissal, via summary judgment, of the claim against her employer's UM insurance carrier.

The underlying facts of the case are undisputed. Thelma Irvin was employed by State Farm Insurance Company as a senior claims assistant. As a part of her job duties she transported mail to attorneys' offices and to another State Farm office. If one was available she used a company owned vehicle, if no company car was available she used her own car. On January 3, 2001, she was using her own car to bring mail to State Farm's attorney's office. While stopped at a traffic light at the corner of Johnston Street and Ridge Road in Lafayette, Louisiana, her vehicle was struck from behind by a vehicle driven by Lisa M. Reynaud. As a result of injuries allegedly sustained in that accident, she filed suit against Lisa Reynaud, and against State Farm Mutual Automobile Insurance Co., which carried both her own uninsured/underinsured motorist coverage and Lisa Reynaud's liability insurance. She claims damages both for her own personal injuries and for her minor child's loss of consortium. Additionally, she filed suit against her employer, claiming coverage under its UM insurance.

State Farm Mutual Automobile Insurance , acting in its capacity of UM insurer for Irvin's employer, filed a motion for summary judgment alleging that no issue of material fact remained but that the UM policy did not provide coverage to Ms. Irvin for this accident. They argued both that Ms. Irvin was not an insured under the policy because she was not driving a State Farm owned vehicle and that, even if she was insured under the policy, Louisiana law prohibits stacking the employer's UM policy on her own UM. The trial court granted the motion for summary judgment finding the anti-stacking statute applicable to prevent Ms. Irvin from making a claim against

1

her employer's UM insurance. Accordingly, the trial court dismissed this part of her claim. Ms. Irvin appeals.

SUMMARY JUDGMENT

> A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); *Araujo v. Eitmann*, 99-1377 (La.App. 5th Cir.5/17/00), 762 So.2d 223, 225. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. *Reynolds v. Select Props*, 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Reynolds, supra*; *Schroeder v. Board of Supervisors of La. State Univ.*, 591 So.2d 342, 345 (La.1991).

*Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc.*, 03-422, p. __ (La.App. 5 Cir. 9/16/03), ___ So.2d ____, ___, *writ denied*, 03-0995 (La. 5/30/03), 845 So.2d 1052.

COVERAGE

On appeal, Ms. Irvin is arguing that she is covered under her employer's UM policy because it provides UM coverage for non-owned vehicles used in the employer's business. However, we need not reach the question of coverage under the policy, since we find that Louisiana's anti-stacking statute prevents Ms. Irvin from receiving benefits under her employer's UM policy.

Louisiana's anti-stacking statute, La.R.S. 22:1406(D) provides in pertinent part:

D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:

. . . .

2

(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:

(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:

(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;

(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.

(e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.

In *Pitts v. Fitzgerald*, 01-0543, pp. 7-8 (La.App. 1 Cir. 5/10/02), 818 So.2d 847, 852-53 (citations omitted), the court explained stacking of insurance policies as follows:

Stacking of UM coverages occurs when the amount available under one policy is inadequate to satisfy the damages alleged or awarded the insured and the same insured seeks to combine or stack one coverage on top of another for the same loss covered under multiple policies or under multiple coverages contained in a single policy.

. . . .

The language of the anti-stacking statute limits the insured to recovery under only one policy, not allowing the insured to combine or

3

stack coverages. The question of stacking only arises once it is determined that the person seeking to cumulate benefits on two or more uninsured motorist coverages is an "insured" under the terms of those policies.

Ms. Irvin's accident falls clearly under the anti-stacking provision. Ms. Irvin herself has UM insurance. Even if she were insured under her employer's policy as she argues here, under the language of the statute, she cannot increase her limits of UM coverage because she has insurance available to h[er] under more than one uninsured motorist coverage provision or policy. *See* La.R.S. 221406(D)(1)(c)(i).

Further, La.R.S. 22:1406(D)(1)(e) is also applicable to the argument advanced by Ms. Irvin. The court in *Southerland v. Continental Casualty Co.*, 36,782 (La.App. 2d Cir 1/29/03), 837 So.2d 712, *writ denied*, 03-0955 (La. 5/16/03), 843 So.2d 1137, addressed a similar situation. In that case a restaurant employee was involved in a vehicular collision while in the course and scope of his employment. He asserted a claim for UM benefits against his employer's insurance company arguing that he qualified as an insured under his employer's policy and that as such he was entitled to UM benefits under the policy. The court discussed his claim stating that:

> Even assuming that Southerland would be an insured under the liability endorsement, La.R.S. 22:1406(D)(1)(e) specifically states that the mandatory UM coverage does not apply to bodily injury of the insured while the insured is occupying a vehicle owned by the insured but not described in the insurance policy. Southerland (the alleged insured) was injured while driving a vehicle he owned that is not described in Continental's policy. Therefore, this argument is without merit.

*Id.* at 714.

Assuming that Ms. Irvin is correct in arguing that she is covered under the liability portion of her employer's policy, La.R.S. 22:1406(D)(1)(e) prevents her from recovering under the UM portion of the policy because her vehicle is not described in the policy. An examination of the vehicle schedule attached to the policy in question

4

reveals that no 1999 Ford Escort was listed. Since her vehicle was not listed in the policy, she cannot recover under the UM provisions of that policy.

Accordingly, we find no error in the trial court's decision to grant the summary judgment in this case, dismissing, pursuant to the anti-stacking statute, Ms. Irvin's claim against her employer's UM insurer.

CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff/Appellant, Ms. Thelma Irvin.

AFFIRMED.