JjWILLIAMS, J.
The plaintiff, Ezra Richard, appeals from a judgment dismissing his lawsuit against State Farm Mutual Automobile Insurance Company (“State Farm”). The *887 plaintiff filed suit seeking payment under the uninsured motorist coverage of his State Farm automobile insurance policy. We affirm.
FACTS
On June 18, 2003, Ezra Richard was driving his wife’s Nissan Maxima and had stopped at a red light on a street in Monroe, Louisiana. A vehicle driven by Keni-sha Bullard struck the rear of the Richards’ vehicle; Mr. Richard was injured in the crash.
Ms. Bullard’s vehicle was insured by State Farm, and State Farm paid Mr. Richard the policy limits. Mrs. Richard owned her Maxima as separate property (she acquired it prior to the marriage) and the Maxima was insured by State Farm as well. State Farm paid Mr. Richard the $10,000.00 limit under the uninsured motorist coverage of the Maxima policy.
Mr. Richard’s vehicle, a 1989 Nissan truck, was owned by him prior to the marriage and was his separate property. Like the other vehicles in this case, Mr. Richard’s truck was insured by State Farm, and he had uninsured motorist (“UM”) coverage under that policy as well. Mr. Richard demanded payment from State Farm under the truck’s UM coverage, but State Farm refused on the ground that Mr. Richard could not “stack” coverages under the policies covering both his wife’s car and his truck.
On April 8, 2004, Mr. Richard filed a lawsuit against State Farm seeking payment under his UM policy. State Farm answered the lawsuit Land subsequently filed a motion for summary judgment. The motion requested that the court dismiss Mr. Richard’s claim because Mr. Richard was prohibited by LSA-R.S. 22:680 from stacking UM coverage. Mr. Richard filed an opposition, and the matter was heard on October 22, 2004. No transcript of the hearing is included in the record; the minutes indicate that the parties declined to have the argument recorded. On November 11, 2004, the district court signed a judgment granting State Farm’s motion for summary judgment, dismissing Mr. Richard’s lawsuit. Mr. Richard now appeals.
DISCUSSION
LSA-R.S. 22:680(l)(e), formerly LSA-R.S. 22:1406(D)[1], provides:
(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subpara-graph (l)(a) of this Section, then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance, and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; however, with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as |aexcess from other uninsured motor *888 ist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
Generally, the UM coverage of the occupied vehicle is the applicable coverage, and Section (c)(i) establishes the general rule that the insured may not stack UM coverages even when the insured has UM coverage available to him under more than one policy. However, Section (c)(ii) provides an exception under certain circumstances for a person driving a vehicle not owned by himself or a resident spouse or relative. In that case, the law allows the insured to collect from his own UM policy in addition to collecting from the UM coverage of the car in which he was riding. Mr. Richard qualifies for the exception in all ways but one — it is undisputed that Mr. Richard was injured while he was driving a vehicle owned as separate property by his spouse with whom he lived.
In Taylor v. Sider, 1997-1841 (La.App. 4th Cir.4/29/98), 714 So.2d 783, writ denied, 1998-1769 (La.10/9/98), 726 So.2d 406, the fourth circuit decided in a similar case that the anti-stacking provisions prevented Ms. Clementine Taylor, who was injured while occupying a car owned by her adult daughter who lived at home, from collecting under a UM policy covering a car owned by her husband, James Taylor, with whom she also lived. The daughter’s car carried $10,000.00 in UM coverage; James Taylor’s car carried $100,000.00 in UM coverage. Clementine Taylor collected the limits under the daughter’s policy, but James’ insurer refused to pay. Clementine sued James’ insurer, and the insurer prevailed in the J^district court. The appellate court affirmed, stating:
Appellant contends that the anti-staek-ing rules contained in this statute are not applicable to the facts of this case because Mrs. Taylor was a passenger in a non-owned automobile and she is therefore allowed to utilize the UM coverage provided in the separate policy issued to her husband. Appellant contends that the provisions of part (c) of the statute must be given limited application because of the public policy principles in favor of providing the fullest possible recovery for an innocent person injured by an uninsured tort feasor.
Under the clear provisions of LSA-R.S. 22:1406(D)(l)(c)(I) [see now LSA-R.S. 22:680(c) ], while Clementine Taylor may have UM coverage available under two State Farm policies, one on [her daughter’s] car and one on James Taylor’s car, she may not “stack” them so as to receive UM coverage under both policies. William Shelby McKenzie and H. Alston Johnson, III, Louisiana Civil Law Treatise Vol. 15: Insurance Law and Practice, § 121 at 297 (2nd ed.1996). An exception to this general rule is contained in part c(ii) of the statute, wherein an injured passenger may seek UM coverage for injuries sustained while occupying an automobile not owned by the injured party, resident spouse, or resident relative. In adding this exception, the legislature intended to afford an insured, when riding with others, the protection of his own UM coverage, in addition to whatever coverage was available on the vehicle in which he was riding. McKenzie, Uninsured Motorist Coverage-Stacking, 42 La. L.Rev. 343, 344 (1982). However, in 1988, the Legislature amended the anti-stacking statute to provide that this exception is not limited only to vehicles not owned by the insured, but also to vehicles not owned by a resident spouse or any resident relative. The amendment places all family members residing with the owner in the same position as the owner who is *889 limited to one coverage. McKenzie and Johnson, III, at § 122, p. 299.
This is precisely the situation in this case. Had Mr. Richard been occupying a vehicle not owned by his spouse, he would have been entitled to the protection of his own UM coverage in addition to that covering the car in which he was riding. However, Mr. Richard was driving a vehicle owned by his resident spouse. The anti-stacking provision clearly does not allow Mr. Richard to recover under the UM section of his own policy | .¡because he has recovered under the UM section of the policy covering his wife’s car. See also Nall v. State Farm Mutual Auto. Insurance Co., 2001-1671 (La.App. 3d Cir.12/11/02), 833 So.2d 1080.
Mr. Richard cites Mayo v. State Farm Mutual Automobile Insurance Co., 2003-1801 (La.2/25/04), 869 So.2d 96, as authority that such stacking is permitted. In Mayo, a woman was injured while riding as a passenger in her resident husband’s vehicle. She owned her own car as her separate property, and likewise, her husband’s vehicle was his own separate property. Her car was insured by State Farm and she carried UM coverage; her husband’s car was insured by Allstate and he did not carry UM coverage. She sued, inter alia, State Farm and sought to recover under her UM policy. State Farm filed a motion for summary judgment and, citing LSA-R.S. 22:1406(D)(l)(e)[2], urged that she was not entitled to recover under her UM policy because the definition of “insured” in State Farm’s policy included a “spouse.” The district court denied the motion for summary judgment, but the court of appeal reversed, holding that State Farm was entitled to summary judgment. The supreme court granted writs and reversed. The court discussed the Taylor case at length and distinguished that case on the critical factor that Ms. Mayo, unlike Ms. Taylor, was not trying to stack UM coverages. Only one UM policy was at | tissue in Mayo and that was Ms. Mayo’s policy. The court allowed Ms. Mayo to collect under the UM provision of her own policy on her own car; she did not recover under any other UM policy. See also, William Shelby McKenzie and H. Alston Johnson, III, Louisiana Civil Law Treatise Vol. 15: Insurance Law and Practice, § 123 (2d ed.1996). Mayo v. State Farm Mutual Automobile Insurance Company, supra, is thus inapplicable to these facts; LSA-R.S. 22:680(l)(c) governs the result.
Mr. Richard argues that the anti-stacking provisions should not apply because this case would likely have a different result if he and his wife were in fact not married, but simply living together. That is a novel and interesting argument, but is better addressed to the legislature; the statute clearly commands the instant result.
CONCLUSION
Accordingly, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.

. The section was moved and slightly changed by Acts 2003, No. 456.

. D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
[[Image here]]
(l)(e)The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.