STEWART, J.
h Donna Norman Rowe and Emery David Rowe (“the Rowes”) appeal the trial court’s grant of summary judgment in favor of Carolyn Williams, Cornelious Cole, and Allstate Insurance Company (“Allstate”) finding that the Rowes were not entitled to uninsured motorist benefits pursuant to La. R.S. 22:680 in that they could not stack uninsured motorist coverage involving a vehicle they did not own. For the reasons that follow, we affirm the trial court.
FACTS
On August 20, 2001, Donna Rowe was involved in an automobile accident at the intersection of Murphy Street and Allen Avenue in Shreveport when her vehicle was struck by a vehicle driven by Cornelious Cole. She had gone to the Shreveport Police Station to pick up a police report for her employer, Rice and Kendig, and she was on her way back to the office when the accident occurred. Cornelious Cole allegedly failed to obey a traffic signal and struck Mrs. Rowe. The Rowes filed suit against Cole, Carolyn Williams, the owner of the car Mr. Cole was driving, and their insurer, Allstate. The Rowes alleged that they suffered damages in excess of the liability limits of the Allstate policy covering Mr. Cole. The Rowes sued their UM carrier, State Farm Mutual Automobile Insurance Company (“State Farm Mutual”). The Rowes also filed a second and amending petition naming State Farm General Insurance Company (“State Farm General”), the insurer of Ms. Rowe’s employer, Carl Rice, alleging that Mr. Rice’s policy also provided uninsured motorist coverage.
| j,State Farm General filed a motion for summary judgment asserting that the Rowes could not recover from it because they had already collected from the tort-feasor’s insurer and their personal UM carrier. The trial court granted the motion for summary judgment based on the language contained in La. R.S. 22:680 which disallows stacking. This appeal followed.
DISCUSSION
The trial court granted State Farm General’s motion for summary judgment based *1187 on our decision in Richard v. State Farm, 39,868 (La.App. 2d Cir.6/29/05), 907 So.2d 886. In Richard we denied a claimant’s attempt to stack UM coverages from his and his wife’s separate insurance policy citing the anti-stacking language in La. R.S. 22:680(l)(c), formerly La. R.S. 22:1406(D)[1], which provides:
(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subpara-graph (l)(a) of this Section, then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance, and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; however, with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
ls(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
Generally, the UM coverage of the occupied vehicle is the applicable coverage, and Section (c)(i) establishes the general rule that the insured may not stack UM coverages even when the insured has UM coverage available to him under more than one policy.
In Richard, Ezra Richard was driving his wife’s separately owned vehicle when he was struck from the rear by a vehicle driven by Kenisha Bullard. Both vehicles were insured by State Farm, which paid Mr. Richard the limits of the policy available under Ms. Bullard’s policy and the $10,000.00 in UM coverage available under his wife’s policy. Mr. Richard then attempted to use the UM coverage available under the policy covering his separate vehicle.
The trial court determined that to allow Mr. Richard to collect UM benefits under his personal policy in addition to his wife’s policy would be a violation of the anti-stacking provisions of La. R.S. 22:680. We agreed and affirmed the trial court.
In the instant case, the Rowes seek to not only recover under the policy of their personal UM carrier, but they seek to recover from Ms. Rowe’s employer’s UM. Ms. Rowe was driving a vehicle owned by her at the time of the accident. Thus, she, like the plaintiff in Richard, does not fit Rwithin the exception language of La. R.S. 22:680(l)(c)(ii). The exception is only applicable in the instance of a person suffering injury while occupying an automobile not owned by that injured person, a resident spouse, or resident relative. The Rowes assert that their claim is distinguishable from cases disallowing stacking because she was driving for her employer. We find the Third Circuit case of Irvin v. State Farm Mut. Auto. Ins. Co., 2003-717 (La.App. 3d Cir.12/10/03), 867 So.2d 777, *1188 writ denied, 2003-3537 (La.3/26/04), 871 So.2d 347, instructive. In Irvin, the court denied a plaintiffs attempt to pursue an employee to seek benefits under her employer’s UM policy after she was injured while acting in the course and scope of her employment citing La. R.S. 22:680. In Irvin, the plaintiff had her own UM coverage, and summary judgment was granted in favor of her employer’s UM carrier. Those facts are directly on point in the case before us. We find that such a reward would violate the anti-stacking provisions of La. R.S. 22:680. Thus, we affirm the trial court.
CONCLUSION
Based on the above, we affirm the decision of the trial court granting State Farm General’s motion for summary judgment. Costs of this appeal are assessed against the appellants.
AFFIRMED.

. The section was moved and slightly changed by Acts 2003, No. 456.