**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-825

TARA BRUCKBAUER

VERSUS

THE STATE OF LOUISIANA,
THROUGH THE DEPARTMENT
OF HEALTH AND HOSPITALS, AND
LOUISIANA CITIZENS FAIR PLAN
INSURANCE COMPANY

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT,
PARISH OF VERNON, NO. 75,133, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED.**

**J. Albert Ellis**
**P.O. Box 1710**
**Alexandria, LA 71309**
**Counsel for Defendant:**
        **State of Louisiana**

**Theodore M. "Trey" Haik, III**
**P.O. Box 11040**
**New Iberia, LA 70562-1040**
**Counsel for Defendant-Appellee:**
      **Louisiana Citizens Fair Plan Insurance Company**

**Bradley O'Neal Hicks**
**116 East Lula Street**
**Leesville, LA 71446**
**Curator for Defendants:**
      **Craig Conrad and Donald Billiot**

**Jack L. Simms, Jr.**
**P.O. Box 1554**
**Leesville, LA 71446**
**Counsel for Plaintiff-Appellant:**
      **Tara Bruckbauer**

**PAINTER, Judge.**

Plaintiff, Tara Bruckbauer (Bruckbauer), appeals the trial court's grant of summary judgment in favor of Louisiana Citizens Fair Plan Insurance Company (Louisiana Citizens), finding no coverage under a homeowners policy issued to Bruckbauer for the alleged theft of certain pieces of jewelry. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Bruckbauer alleges that, on or about January 1, 2005, two residents of a State-operated group home broke into her residence, which is located near the group home, and stole jewelry belonging to her. Bruckbauer reported the incident to the Leesville City Police, the administrator of the group home, and her homeowners' insurer, Louisiana Citizens, as soon as she became aware that some of her jewelry was missing. Louisiana Citizens denied the claim. Bruckbauer then filed suit against the State of Louisiana, through the Department of Health and Hospitals, Office of Mental Retardation, Leesville Development Center; the two residents of the group home; and Louisiana Citizens.

Louisiana Citizens filed a motion for summary judgment alleging that the policy at issue did not provide coverage for theft, but for property damage only. Following a hearing on the motion, the trial court granted summary judgment in favor of Louisiana Citizens and dismissed all of Plaintiff's claims against it. Plaintiff's claims against the other Defendants remain.

Plaintiff now appeals the dismissal of her claims against Louisiana Citizens alleging that the relevant policy language is ambiguous and susceptible of more than one reasonable interpretation such that the grant of summary judgment by the trial court was improper. We find that the policy language is not ambiguous, that there is

1

no coverage under the policy for this loss, and that Louisiana Citizens is entitled to judgment as a matter of law. Therefore, the judgment of the trial court is affirmed.

## DISCUSSION

The law is well-settled that:

> A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); *Araujo v. Eitmann*, 99-1377 (La.App. 5th Cir.5/17/00), 762 So.2d 223, 225. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. *Reynolds v. Select Props.*, 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Reynolds, supra*; *Schroeder v. Board of Supervisors of La. State Univ.*, 591 So.2d 342, 345 (La.1991).

*Irvin v. State Farm Mut. Auto Ins. Co.*, 03-717, p. 2 (La.App. 3 Cir. 12/10/03), 867 So.2d 777, 778, *writ denied*, 03-3537 (La. 3/26/04), 871 So.2d 347, *quoting Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co.*, Inc., 03-422, p. 5 (La.App. 5 Cir. 9/16/03), 858 So.2d at 26.

In *Vintage*, 858 So.2d 22, 26, the court also stated:

> An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation set forth in the Louisiana Civil Code. *Reynolds v. Select Props.*, 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. In Louisiana, insurance policies are interpreted under the rules governing contract interpretation. La. C.C. arts. 2045-2057. Language in an insurance policy which is clear, expresses the intent of the parties and does not violate a statute or public policy, must be enforced as written. If the insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage. *Reynolds, supra*; *Newby v. Jefferson Parish Sch.* Bd., 99-0098 (La.App. 5th Cir.6/1/99), 738 So.2d 93; *Araujo v. Eitmann, supra*, 762 So.2d at 225.

> The purpose of liability insurance is to afford the insured protection from damage claims. *Reynolds, supra*. Insurance policies

2

should be interpreted to effect, not deny, coverage. *Yount v. Maisano*, 627 So.2d 148, 151 (La.1993). Any ambiguity in an insurance policy's exclusion should be narrowly construed to afford coverage. *Peterson v. Schimek*, 98-1712 (La.3/2/99), 729 So.2d 1024, 1029. However it is also well-settled that unless a statute or public policy dictates otherwise, insurers have the right to limit liability and enforce conditions or limitations upon their insureds. *Reynolds, supra*, 634 So.2d at 1183. In addition, the insurer bears the burden of proving that a loss falls within a policy exclusion. *Blackburn v. National Union Fire Ins. Co.*, 00-2668 (La.4/3/01), 784 So.2d 637, 641.

Moreover, "[t]he determination of whether a contract is clear or ambiguous is a question of law." *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 764.

Bearing in mind these principles, we must examine the relevant policy language to determine whether the trial court was correct in finding, as a matter of law, that no coverage existed for the alleged theft of Bruckbauer's jewelry.

Louisiana Citizens issued a homeowners policy to Bruckbauer for the period October 2, 2004 to October 2, 2005. There is no dispute that the policy was in place for the residence from which the jewelry was allegedly stolen on the date of the alleged theft. The policy provided $61,000.00 in coverage for the dwelling and $30,000.00 in personal property insurance. Page Four of the policy itself is entitled "Perils Insured Against" and states: "We insure for direct physical loss to the property covered by a peril listed below unless the loss is excluded in the General Exclusions." Paragraph Eight of this Section is entitled "Vandalism or malicious mischief" and clearly states:

> This peril does not include loss:
> a. by pilferage, theft, burglary or larceny; or
> b. to property on the Described Location if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant.

3

We further note that Paragraph Nine of this Section, entitled "Damage by Burglars," also states that "[t]his peril does not include: a. theft of property."

Bruckbauer argues that because the Louisiana Criminal Code defines "criminal mischief" as having the element of "intent to deprive anyone entitled thereto of the full use of the property," one who is guilty of "criminal mischief" might also be guilty of theft, burglary, or unauthorized entry. According to Bruckbauer's argument, if "criminal mischief" includes theft or burglary, loss from theft or burglary cannot be excluded under the insurance contract, and the language is, therefore, ambiguous. We find no merit in Bruckbauer's claim. The policy does not specifically define "malicious mischief" but does specifically exclude pilferage, theft, burglary, and larceny from this category. Any difference in definitions between "criminal mischief" as found in La.R.S. 14:59 and "malicious mischief" as found in the insurance policy does not render the policy language susceptible of two or more reasonable interpretations. Courts should not strain to find an ambiguity in a contract where none exists. *Cadwallader v. Allstate Ins. Co.*, 02-1637 (La.6/27/03), 848 So.2d 577. After reviewing the arguments of both parties as well as the policy itself and the other evidence submitted in connection with the motion for summary judgment, we find that the policy language at issue is clear and unambiguous. Thus, we may make no further interpretation in search of the parties' intent. We agree with Louisiana Citizen's assertion that if we were to accept, without any evidentiary support, Bruckbauer's argument that she thought she had coverage for this loss and that the contract was therefore void due to a lack of meeting of the minds, it would allow insureds to void insurance contracts at their sole discretion.

For these reasons, we hold that according to the plain language of the policy at issue herein, there is no coverage for the alleged theft of Bruckbauer's jewelry.

4

Therefore, we conclude that the trial court was correct in granting Louisiana Citizen's motion for summary judgment.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of Defendant, Louisiana Citizens Fair Plan Insurance Company, and dismissing Plaintiff's claims against it with prejudice. Costs of this appeal are assessed to Plaintiff-Appellant, Tara Bruckbauer.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.