JARED M. CLESI

VERSUS

DONICE J. RAYFORD, ET AL.

NO. 24-CA-401

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 807-028, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING


February 26, 2025


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Timothy S. Marcel


**<u>AFFIRMED</u>**

**JJM**
**JGG**
**TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JARED M. CLESI
James E. Cazalot, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
LIBERTY MUTUAL FIRE INSURANCE COMPANY
H. Minor Pipes, III
Alexis P. Joachim
Deandra N. De Napoli

**MOLAISON, J.**

The plaintiff, Jared Clesi, appeals the summary judgment granted in favor of the defendant, Liberty Mutual Fire Insurance Company. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. On December 4, 2019, the plaintiff was involved in a multi-vehicle accident when the tortfeasor rear-ended his vehicle while driving. The plaintiff owned the vehicle he occupied. After settling with the tortfeasors' insurers, the plaintiff settled for the full policy limits of his own UM insurer. On November 6, 2021, the plaintiff filed a supplemental and amending petition, adding Liberty Mutual Fire Insurance Company (Liberty Mutual) as a defendant. The plaintiff alleged that the policy issued by Liberty Mutual to his employer provided UM coverage for this accident. Liberty Mutual answered the petition, asserting numerous affirmative defenses, including that the anti-stacking provisions of La. R.S. 22:1295(1)(c) preclude the plaintiff's recovery under this UM policy.

Liberty Mutual filed a motion for summary judgment asserting that because the plaintiff had already received payment from his personal UM carrier for damages related to the December 4, 2019 accident, the law precluded him from recovering additional payments under the UM policy issued by Liberty Mutual to his employer. The plaintiff opposed the summary judgment, arguing that La. R.S. 22:1295 did not apply to the facts of this case.

The trial judge considered the plaintiff's argument on the motion for summary judgment at the hearing but granted the motion based on *Boudoin v. Safeco Ins. Co. of Oregon*, 23-65 (La. App. 5 Cir. 10/25/23), 375 So.3d 537, 541,

*reh'g denied* (12/1/23), *writ denied*, 23-1712 (La. 3/19/24), 381 So.3d 706, and *writ denied*, 24-7 (La. 3/19/24), 381 So.3d 710. This timely appeal followed.

## LAW AND DISCUSSION

A court shall grant a motion for summary judgment if the motion, memorandum, and supporting documents show that there is no genuine issue regarding material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The mover's burden on the motion is to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense if the mover does not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment. La. C.C.P. art. 966(D)(1). The adverse party then has to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by the trial court, to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. *Simon v. State Farm Mut. Auto. Ins. Co.*, 16-46 (La. App. 5 Cir. 9/8/16), 201 So.3d 1007, 1009. The court must decide a motion for summary judgment referencing the substantive law that applies to the case. *Muller v. Carrier Corp.*, 07-770 (La. App. 5 Cir. 4/15/08), 984 So.2d 883, 885.

In 1977, the Louisiana Legislature passed an anti-stacking law, La. R.S. 22:1295(1)(c), which prohibits insureds from combining or stacking UM benefits, providing:

> (c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subparagraph (1)(a) of this Section, then such limits of liability shall not be increased because of multiple motor vehicles covered under such policy of insurance, and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage

provision or policy; however, with respect to other insurance available, the policy of insurance or endorsement shall provide the following with respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, and the following priorities of recovery under uninsured motorist coverage shall apply:

(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary.

(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.

In *Boudoin*, *supra*, Ms. Boudoin was injured in an accident while driving her car. She brought an action against her personal insurer, her umbrella insurer, and her employer's excess insurers to recover UM benefits. *Boudoin,* 375 So.3d at 539-40. Specifically, at the time of the accident, Ms. Boudoin personally maintained a policy with Allstate Property and Casualty Insurance Company that provided $250,000 in UM coverage and a $1,000,000.00 personal umbrella policy with RLI Insurance Company. *Id.* at 539. The plaintiff's employer, Eatelcorp, LLC, also maintained a commercial automobile policy through The Phoenix Insurance Company, a Travelers Company with $1,000,000.00 in UM coverage, an excess third-party liability policy with Continental Casualty Company with limits of $25,000,000.00, and a commercial excess/umbrella policy with Rural Trust Insurance Company providing $10,000,000.00 in coverage. *Id.* at 539-40. Ms. Boudoin settled with Allstate for its UM policy limits; the court dismissed Allstate with prejudice. *Id.* at 540. Thereafter, Continental filed a motion for summary judgment claiming that the anti-stacking provision contained in La. R.S. 22:1295(1)(c) prohibited Ms. Boudoin from recovering against multiple UM policies because she owned the vehicle she was operating at the time of the accident. *Id.* Continental argued that Ms. Boudoin could only recover from her

personal UM policies issued by Allstate and RLI. *Id.* The trial court denied the motion. *Id.* at 540.

In reversing the trial court's ruling based on the anti-stacking provision of La. R.S. 22:1295(1)(c), this Court noted that Louisiana public policy strongly favors UM coverage and liberal interpretation of statutes regarding UM coverage but stated:

> This anti-stacking law prohibits recovery against multiple UM coverages available to the same insured, except under the limited circumstances prescribed in the anti-stacking provision. See La. Civ. L. Treatise, Insurance Law & Practice, McKenzie & Johnson, § 4.27, Stacking of multiple coverages - The 1977 anti-stacking provision. Under the first section of the statute, an insured seeking to recover under multiple UM policies 'is limited to recovery under only one policy and may not combine or stack coverages.' *Boullt v. State Farm Mut. Auto. Ins. Co.*, 99-942 (La. 10/19/99), 752 So.2d 739, 743. In *Boullt*, the Louisiana Supreme Court explained that under the second part of the anti-stacking law, an exception to the stacking prohibition is permitted if: (1) the injured party is occupying an automobile not owned by the injured party, resident spouse, or resident relative; (2) the UM coverage on the vehicle in which the injured party was an occupant is primary; and (3) the primary UM coverage is exhausted due to the extent of damages. *Id.*
>
> Therefore, a person insured under the UM provisions of several different policies, and occupying a vehicle owned by the insured at the time of the accident, may recover under one, and only one, of the policies. See *Pitts v. Fitzgerald*, 01-543 (La. App. 1 Cir. 5/10/02), 818 So.2d 847, 853. Pursuant to the plain language of the statute, recovery under more than one policy is prohibited, except when the injured party is 'occupying an automobile not owned by the injured party, resident spouse or resident relative.' If the injured party is in a non-owned vehicle, then the statutory exception permits the injured party to recover under the UM coverage on the vehicle in which she is riding (statutory primary coverage) and also under one of the other UM policies available to her (statutory excess coverage). See La. Civ. L. Treatise, Insurance Law & Practice, McKenzie & Johnson, § 4.27, Stacking of multiple coverages - The 1977 anti-stacking provision.

*Id.* at 541-42.

This Court granted summary judgment in favor of Continental, finding that La. R.S. 22:1295(1)(c), the anti-stacking provision, applied and Ms. Boudoin could only recover under her personal line of coverage. *Id.* at 545-46.

In this case, in opposing the motion for summary judgment and on appeal, the plaintiff argues that La. R.S. 22:1295(1)(c) is ambiguous. He contends the proper reading requires substituting "named insured" for "insured" throughout the statute. The plaintiff contends that this statute only excludes coverage when a named insured attempts to increase the UM limits under the named insured's policy by having multiple vehicles or policies. This argument does not persuade us.

The courts of Louisiana have held that an employee in the course and scope of employment who is injured in an automobile accident while occupying a vehicle owned by that employee is barred from recovery from the employer's UM carrier if they have already recovered under their personal UM policy because doing so violates La. R.S. 22:1295(1)(c). In *Irvin v. State Farm Mutual Automobile Insurance Co.*, 03-717 (La. App. 3 Cir. 12/10/03), 867 So.2d 777, *writ denied*, 03-3537 (La. 3/26/04), 871 So. 2d 347, the court did not need to address the coverage question because, even if the employer's policy provided UM coverage, the anti-stacking law, La. R.S. 22:1406(D)(1)(c), now redesignated as La. R.S. 22:1295(1)(c), prevented a plaintiff with her own UM insurance from receiving UM benefits under her employer's UM policy. Similarly, in *Rowe v. Williams*, 41,082 (La. App. 2 Cir. 8/23/06), 938 So.2d 1185, the court held that the anti-stacking provision precluded an employee from recovering UM benefits under both her employer's policy and her policy because she was driving her vehicle at the time of the accident.

In the case before us, at the time of the accident, the plaintiff, Mr. Clesi, was operating his vehicle while allegedly in the course and scope of his employment. At the time of the accident, GEICO insured the plaintiff under a personal automobile liability insurance policy, providing $50,000.00 in UM coverage. At the time of the accident, Liberty Mutual issued a policy to the plaintiff's employer

that included UM coverage. After the plaintiff recovered the policy limits from the tortfeasors' insurers, he recovered the UM policy limits from his own UM carrier. Because the plaintiff was in his vehicle, which he owned, at the time of the accident, La. R.S. 22:1295(c)(1) limits his recovery to his line of UM coverage. Accordingly, the trial court correctly granted Liberty Mutual's motion for summary judgment.

## CONCLUSION

For the preceding reasons, we affirm the trial court judgment granting summary judgment in favor of the defendant, Liberty Mutual, dismissing the claims of the plaintiff, Jared Clesi, with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 26, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-CA-401**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
JAMES E. CAZALOT, JR. (APPELLANT)      ALEXIS P. JOACHIM (APPELLEE)      H. MINOR PIPES, III (APPELLEE)

### MAILED
DEANDRA N. DE NAPOLI (APPELLEE)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 3300
NEW ORLEANS, LA 70163